## NIEDNER v. THOMSON.

(Circuit Court, D. Oregon. July 5, 1910.)

No. 3,471.

BILLS AND NOTES (§ 518*)—ACCOMMODATION PAPER—EVIDENCE.

In an action on a note executed to a bank, evidence *held* to require a finding that the note was for the benefit of the maker, and not for the accommodation of the bank.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 1818; Dec. Dig. § 518.*]

At Law. Action by Walter Niedner, as receiver of the Farmers' & Traders' National Bank of La Grande, Or., against A. B. Thomson. Judgment for plaintiff.

Bausman & Kelleher and Wm. M. Ramsey, for plaintiff.
Raley, Richards & Raley, for defendant.

WOLVERTON, District Judge. This is an action by the receiver of the Farmers' & Traders' National Bank of La Grande to recover upon a promissory note, executed by Thomson to the bank, bearing date August 3, 1903. From the testimony of Guy E. McCully, who was the assistant cashier of the bank, it appears that the defendant Thomson, in company with S. W. Spencer, came to the bank on the evening of August 2, 1903, after banking hours, and that each of them executed a note for $6,000 to the bank; that of Thomson being dated the next day, namely, August 3d, and that of Spencer August 5th. The amount of each of these notes was, to the knowledge and understanding of both Thomson and Spencer, passed to the account of Spencer in the bank. Thereafter Spencer drew against the account and exhausted the funds from that source. McCully further testifies, in effect, that the arrangement for the meeting of Thomson and Spencer with him at the bank at this time was made between J. W. Scriber, who was the cashier of the bank, and these parties, Scriber directing McCully what to do, and that whatever McCully did in the premises was done in pursuance of the direction of Scriber. McCully is corroborated in his statement by the facts, first, that the notes were executed by both these men, as detailed by him (this is shown by the books of the bank); and, second, by the deposit tags, which show that Spencer was credited upon his account with the amount of each of said notes; and, further, from the fact that Spencer checked against these accounts, as appears from his own statement, as well as the books of the bank, and also the statement of Scriber.

McCully is contradicted by the testimony of both Thomson and Spencer, and in a way by that of Scriber. Spencer and Thomson both say that they were not at the bank together on the evening designated

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

by McCully, or at any other time, while each of them admits the execution of the notes. Scriber testifies that he had an arrangement with Spencer whereby he should have large credit, but declines to testify whether or not any such arrangement was made with the knowledge of Thomson. Scriber, however, has been greatly discredited by the fact that he admits that, after Thomson secured possession of his note from the bank, he (Scriber), in order to replace the Thomson note, executed another and subscribed Thomson's name thereto, which new note was placed with the bills receivable, so that the transaction would appear regular, if at any time the bank examiner should appear to check up the accounts of the bank. Spencer is discredited by the fact that he admits that at the time he was engaged in shady transactions by which to obtain the title to public lands from the general government. From the full survey of the testimony, it would appear, also, that Thomson, while receiver of the land office at La Grande, was aware of the transactions of Spencer in obtaining title to the public lands, and that he made no effort to inform the government of such transactions. Indeed, it would seem that he had an interest therein, and was expecting to profit thereby.

I should have stated before this that, after the execution of said note by Thomson, namely, about September 22d, he came to the bank while Scriber was absent, and requested McCully to let him have the note for a short time, promising to return same very soon, the object being to have the note out of reach if the inspector of the land department, who was then checking up the books of the receiver, should call at the bank and make inquiry; and in pursuance of that request McCully delivered the note to Thomson. Thomson, however, subsequently failed and refused to return the note to the bank, although he was often requested to do so both by McCully and Scriber. Thomson claims for this transaction that he executed the note at the request of Scriber, purely for the accommodation of the bank, Scriber agreeing to return it to Thomson shortly; that in pursuance of that agreement McCully redelivered the note to Thomson. This is the defense that Thomson makes to the action.

If this were true, it is not clear yet that the receiver would not be entitled to recover as against Thomson; the receiver representing the creditors of the bank. But, however this may be, I deem McCully worthy of much the larger credit as a witness, being corroborated, as I have indicated above, by the record evidence whenever produced, and by the reasonable inferences deducible from the circumstances, and the connection and relation of all the parties interested.

For these reasons, I conclude that the plaintiff is entitled to recover against the defendant for the amount prayed.